UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA JORDAN,

       Plaintiff,

v.                                      CASE NO. 8:25-cv-1423-SJH

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## **MEMORANDUM ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for benefits under Title II of the Social Security Act ("Act"). In a decision dated June 20, 2024, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability from January 22, 2014, the alleged disability onset date, through September 30, 2017, the date last insured ("DLI"). Tr. 63–83.[2] For the reasons herein, the Commissioner's decision is due to be **affirmed**.

### I.    The ALJ's Decision

Under the Act's general statutory definition, a person is considered disabled if unable to engage in substantial gainful activity by reason of a medically determinable

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.

[2] Title II of the Act "provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need." *Smith v. Berryhill*, 587 U.S. 471, 475 (2019) (quotation omitted). The ALJ found Plaintiff last met the insured status requirements on September 30, 2017. Tr. at 68.

impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. § 423(d)(1)(A).[3] In making a disability determination, the Social Security Administration generally uses a five-step sequential process. 20 C.F.R. § 404.1520(a)(4).[4]

The ALJ applied this five-step sequential process. Tr. at 68–76. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged disability onset date through the DLI. *Id.* at 68. The ALJ found at step two that Plaintiff had the following severe impairments through the DLI: "status post right hand tendon transfer, obesity, asthma, chronic obstructive lung disease (COPD), obstructive sleep apnea, left knee tear of the medial meniscus, venous insufficiency, and fibromyalgia (20 CFR 404.1520(c))." *Id.* (emphasis removed). At step three, the ALJ found that Plaintiff did not, through the DLI, have an impairment or combination of impairments that meets or equals a listed impairment. *Id.* at 70. The ALJ found that Plaintiff had the following residual functional capacity ("RFC") through the DLI: "to

---

[3] Because the definitions of disability under Title II and Title XVI of the Act are the same, cases under one statute are generally persuasive as to the other. *See Jones v. Astrue*, No. 3:10-cv-914-J-JBT, 2011 WL 13173806, at *2 n.2 (M.D. Fla. Oct. 17, 2011).

[4] At step one, the person must show the person is not engaged in substantial gainful activity. At step two, the person must show the person has a severe impairment or combination of impairments. At step three, the person may show the impairment or combination of impairments meets or equals the severity of one of the listings in the appendix of the applicable regulations. Absent such a showing, at step four, the person must show the person cannot perform the person's past relevant work given the person's residual functional capacity ("RFC"). Step five, at which the burden temporarily shifts to the Commissioner, asks whether there are a significant number of jobs in the national economy the person can perform given the person's RFC, age, education, and work experience. If it is determined at any step the person is or is not disabled, the analysis ends without proceeding further. *See* 20 C.F.R. § 404.1520(a)(4); *Flowers v. Comm'r Soc. Sec. Admin.*, 97 F.4th 1300, 1308 (11th Cir. 2024); *Jacob v. Comm'r of Soc. Sec.*, No. 8:22-cv-2435-CEH-TGW, 2024 WL 3548902, at *3–4 (M.D. Fla. July 26, 2024).

perform light work as defined in 20 CFR 404.1567(b) except occasional posturals; no climbing ladders, ropes, or scaffolds; frequent right handling and fingering; and only occasional exposure to temperature extremes, pulmonary irritants, and hazards." *Id.* at 71 (emphasis removed). The ALJ found at step four that Plaintiff could perform past relevant work through the DLI; in addition and alternatively, the ALJ found at step five that jobs existed in significant numbers in the national economy that Plaintiff could perform. *Id.* at 75–76. As such, the ALJ found Plaintiff was not under a disability at any time from the alleged disability onset date through the DLI. *Id.* at 76–77.

## II.    Issue on Appeal

Plaintiff argues on appeal that the ALJ erred in failing to consider Plaintiff's "adrenal insufficiency/Addison's disease" in evaluating her subjective symptoms and formulating the RFC. Doc. 18 at 3–5.

## III.    Standard of Review

Plaintiff appeals the denial of her application for benefits under Title II of the Act, 42 U.S.C. § 401 *et seq.*[5] The terms of judicial review are set by 42 U.S.C. § 405(g). Under § 405(g), judicial review "is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th

---

[5] The regulations under Title II are located at 20 CFR pt. 404.

Cir. 2002); *see also Ohneck v. Comm'r, Soc. Sec. Admin.*, No. 22-13984, 2023 WL 8946613, at *2 (11th Cir. Dec. 28, 2023).[6]

The agency's factual findings are "conclusive" if "substantial evidence" supports them. *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 103 (citation omitted). Though requiring "more than a mere scintilla" of evidence, the threshold for this standard "is not high[,]" *id.* (citation omitted), and does not require a preponderance of the evidence, *Flowers v. Comm'r, Soc. Sec. Admin.*, 97 F.4th 1300, 1309 (11th Cir. 2024); *see also Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015). So long as "the ALJ's decision clears the low evidentiary bar[,]" a reviewing court must affirm even if it "would have reached a different result and even if a preponderance of the evidence weighs against the Commissioner's decision[.]" *Flowers*, 97 F.4th at 1309. A reviewing court may not "decide the facts anew, make credibility determinations, or re-weigh evidence." *Id.* at 1306 (citation omitted); *see also Rodriguez v. Soc. Sec. Admin.*, 118 F.4th 1302, 1315–16 (11th Cir. 2024); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

The same deference does not attach to conclusions of law. *See Flowers*, 97 F.4th at 1304, 1306; *Martin*, 894 F.2d at 1529. A "failure to apply the correct legal standards

---

[6] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289–90 (11th Cir. 2000); 11th Cir. R. 36-2.

or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal." *Martin*, 894 F.2d at 1529; *see also Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

## IV.   Analysis

Plaintiff raises a single issue on appeal, arguing that the ALJ erred in failing to consider Plaintiff's "adrenal insufficiency/Addison's disease" in evaluating her subjective symptoms and formulating the RFC. Doc. 18 at 3–5. Plaintiff bases her argument on medical evidence that concededly postdates the DLI. *Id.* Per Plaintiff, in 2019—well after the DLI—"treating sources began documenting Addison's disease, the chronic form of adrenal insufficiency," and such "diagnosis appears consistently through the present." *Id.* at 4 (citing Tr. at 897, 901, 904, 908, 911, 916, 933, 937–38, 943). But none of the cited records purports to contain a retrospective diagnosis or otherwise address Plaintiff's condition during the relevant period *prior to* the DLI. Tr. at 897, 901, 904, 908, 911, 916, 933, 937–38, 943. Plaintiff does not contend otherwise. Doc. 18 at 4–5. Rather, Plaintiff takes the position that because she testified at the hearing that prior to the DLI she suffered from "symptoms consistent with adrenal insufficiency/ Addison's disease[,]" the "evidence clearly 'permits an inference of linkage' between the 2019–present diagnosis and [her] pre-2017 symptoms." *Id.* Plaintiff's argument fails.

Preliminarily, the records cited by Plaintiff do not include *any* diagnosis of, or treatment for, adrenal insufficiency/ Addison's disease. *See* Tr. at 897, 901, 904, 908,

5

911, 916, 933, 937–38, 943. One of the records relates to orthopaedic treatment in March 2019 to address a complaint of left knee pain; it contains a passing self-reported reference to an otherwise undescribed history of Addison's disease. Tr. at 943. Each of the remaining records relates to gastroenterology treatment between 2020–2022; each contains a passing self-reported reference to an otherwise undescribed history of Addison's disease/ adrenal insufficiency. *See* Tr. at 897, 901, 904, 908, 911, 916, 933, 937–38.[7]

In addition, even assuming these passing self-reported references to an unspecified history of Addison's disease/ adrenal insufficiency in later records for unrelated treatment sufficiently document an actual post-DLI diagnosis, they do not purport in any way to address Plaintiff's pre-DLI condition. So, they cannot carry the argument for which Plaintiff relies on them. *See Bullard v. Comm'r, Soc. Sec. Admin.*, 752 F. App'x 753, 755 (11th Cir. 2018) (holding substantial evidence supported decision denying benefits because although the claimant "presented medical evidence of impairment after [the date he was last insured], there was no reasonable basis to conclude that this evidence related back to his previous disability claim" and explaining that "[i]f a claimant becomes disabled *after* he has lost insured status, his claim must be denied despite his disability" (quoting *Demandre v. Califano*, 591 F.2d

---

[7] Plaintiff also cites to one page of a prior determination by the ALJ, addressing a different period of alleged disability, for the premise "that in 2014, the ALJ acknowledged notes reflect a history of adrenal insufficiency." Doc. 18 at 4 (citing Tr. at 112). This citation is curious. An ALJ's prior decision is not evidence. *See Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015). Moreover, on the very page cited by Plaintiff, the ALJ wrote that Plaintiff had been evaluated by a doctor "regarding an adrenal insufficiency" and that "[a]fter evaluation and laboratory testing, he concluded the claimant clearly had no adrenal insufficiency." Tr. at 112.

1088, 1090 (5th Cir. 1979)));[8] *see also Alvarez v. Comm'r of Soc. Sec.*, 848 F. App'x 823, 825 (11th Cir. 2021) (holding "ALJ did not err in failing to assign weight to" opinions of doctors who first saw claimant after his insured status had expired because the claimant failed "to show that they relate to the time period relevant for showing disability"); *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309–10 (11th Cir. 2018) (finding medical records not relevant where they did not relate to the period at issue and nothing in the records indicated that "the doctors considered [the claimant's] past medical records or that the information in them relates to the period at issue"); *McLain v. Comm'r, Soc. Sec. Admin.*, 676 F. App'x 935, 938 (11th Cir. 2017) ("It is also important that the ALJ was tasked only with determining whether [the claimant] was disabled between the onset date … and his date of last insured …. As a result, the ALJ did not err by failing to address evidence that discussed [the claimant's] condition outside the timeframe that he would otherwise qualify for benefits."); *Lingenfelser v. Comm'r of Soc. Sec.*, No. 6:16-cv-921-ORL-DCI, 2017 WL 4286546, at *7 (M.D. Fla. Sept. 27, 2017) ("The Eleventh Circuit has found that *retrospective* diagnoses are only entitled to deference where corroborated by evidence contemporaneous with the relevant period. … Outside the context of an explicitly *retrospective* diagnoses, courts in this Circuit have noted repeatedly that medical records post-dating the date of last insured are of little relevance to the ALJ's task of determining disability. … [N]one of

---

[8] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the records identified by Claimant … contain a retrospective assessment or diagnosis …. Thus, to the extent that authority exists supporting an obligation by the ALJ to consider and weigh post-date-of-last-insured medical evidence that contains a retrospective analysis of Claimant's condition prior to the date of last insured, that authority is distinguishable from this case. Claimant identifies no controlling authority that would require the ALJ to consider and weigh evidence unrelated to Claimant's impairments, as those impairments existed prior to the date of last insured. Nor, other than through speculation, does Claimant explain how the records detailing her medical treatment months and years after her date of last insured bear upon the severity of her impairments prior to the date of last insured. On this basis alone, Claimant's assignment of error is due to be denied as well." (internal citations omitted)).

Plaintiff's position—that, although she was not diagnosed with adrenal insufficiency/ Addison's disease as of her DLI and can point to no medical evidence of such pre-DLI impairments, her testimony of experiencing pre-DLI symptoms that she maintains are consistent with such impairments[9] must mean that she in fact suffered from such impairments pre-DLI—amounts to speculation. Her assignment of error fails. *See Klaes v. Comm'r of Soc. Sec.*, 719 F. App'x 893, 896–97 (11th Cir. 2017)

---

[9] Plaintiff's premise fails for the additional reason that she has not cited any medical evidence that the symptoms of which she testified are even consistent with adrenal insufficiency/ Addison's disease. *See generally* Doc. 18; *see also id.* at 5 (arguing, without any citation in support, that "adrenal insufficiency/ Addison's disease is well known to cause" a list of symptoms). Regardless, even assuming the accuracy of Plaintiff's say-so premise, her argument fails for the reasons herein.

(rejecting claimant's argument premised on his contention that his fibromyalgia diagnosis "retrospectively explains his chronic pain complaints" as the diagnosis did not occur until "more than a year after his last insured date[,]" "[n]o doctor related fibromyalgia back to the relevant period[,]" and the claimant's "suggestion that fibromyalgia explains his complaints of pain is mere speculation and is not supported by the record"); *Lingenfelser*, 2017 WL 4286546, at *7.

Finally, even if the ALJ had otherwise erred (and as discussed he did not), any purported error was harmless. *See Flowers*, 97 F.4th at 1307 ("Flowers has also failed to show that his argument would make any difference to his application for disability benefits. … Thus, we conclude any such error was harmless."); *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1274 n.11 (11th Cir. 2024) ("Remand is unwarranted unless an error creates fundamental unfairness or prejudice[,]" and "[t]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.") (citations omitted). Plaintiff has not argued, much less supported with evidence, that adrenal insufficiency/ Addison's disease caused any actual limitations beyond what the ALJ accounted for in the RFC during the relevant period from the alleged disability onset date through the DLI. *See generally* Doc. 18. So, any purported error was harmless. *See Flowers*, 97 F.4th at 1307; *Raper*, 89 F.4th at 1274 n.11; *see also Tackett v. Comm'r of Soc. Sec.*, No. 21-11852, 2022 WL 2314095, at *2 (11th Cir. June 28, 2022) ("[A]ny error was harmless because this opinion did not support the imposition of additional limitations that were not present in the ALJ's RFC finding."); *Kamaria W. v. Comm'r, Soc. Sec. Admin.*, No. 1:22-CV-4822-JEM, 2024 WL

9

6892174, at *10 (N.D. Ga. Feb. 8, 2024) ("Further, even assuming error by the ALJ in evaluating Plaintiff's subjective complaints, and in turn, assessing Plaintiff's functional limitations in interacting with others for the RFC, which the Court does not find, any error was harmless. Plaintiff did not offer any evidence whatsoever that she could not perform the three specific jobs identified by the Commissioner, and she, therefore, did not satisfy her burden to show that she is entitled to an adjudication of disability.") (internal citations omitted); *Nichols v. Comm'r of Soc. Sec.*, No. 6:14-cv-928-Orl-37, 2015 WL 4470301, at *5 (M.D. Fla. July 21, 2015) ("Plaintiff fails to articulate precisely what additional limitations were caused by his obesity. … The ALJ's failure to consider limitations from Plaintiff's obesity does not rise to the level of reversible error unless the record contains evidence showing that the obesity diagnosis reduced Plaintiff's functional capacity or otherwise affected his ability to perform work related activities. Because there is no such evidence in the record I find that any error committed by the ALJ in failing to consider limitations caused by Plaintiff's obesity is harmless.") (internal citation omitted).

### V.   Conclusion

Accordingly, it is **ordered**:

1.     The Commissioner's decision is **affirmed**; and

2.     The Clerk of Court is **directed** to enter judgment accordingly, terminate any motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on February 26, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record

11